UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODERICK WASHINGTON,

          Petitioner,

v.    Case No. 5:04-cv-379-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____

### ORDER DENYING PETITION

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 2003 Marion County jury-trial convictions of one count of burglary of a dwelling and two counts of lewd or lascivious battery on a child, for which Petitioner received sentences totaling 20 years' imprisonment. See App. tab A at 91. Upon due consideration of the pleadings and the state-court record, the Court concludes that the Petition must be denied.[1]

### Background

The evidence adduced at trial included the testimony of the victim as well as the testimony of a DNA expert who identified Petitioner's and the victim's DNA in a stain on a comforter given to police by the victim. See App. tab B at 30-70, 156-186. Petitioner represented himself at trial until the conclusion of the victim's testimony

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

on direct examination. Id. at 4, 50.  At that point, on Petitioner's motion, the trial court appointed standby counsel Brett Little to represent Petitioner. Id. at 50. Petitioner did not testify.  At the close of the state's case, the trial court confirmed on the record that Petitioner understood that he had the right to testify, had discussed that right with his attorney, and was freely, voluntarily, and intelligently waiving his right to testify. Id. at 242-43.

Petitioner's convictions were affirmed *per curiam* without opinion on direct appeal. Id. tab E.  Petitioner then filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850.  As grounds for relief, Petitioner argued that his appointed counsel rendered ineffective assistance in four ways: (1) counsel erroneously advised Petitioner not to testify; (2) counsel failed to properly object to the admission of DNA evidence; (3) counsel failed to move for a statement of particulars as to the dates of the offenses; and (4) counsel failed to object to the DNA expert's bolstering of the victim's testimony with "unreliable" DNA evidence. Id. tab G.  The state court denied relief on the merits in a written opinion. Id. tab I.  The District Court of Appeal affirmed *per curiam* without opinion. Id. tab K.

Petitioner filed the instant habeas corpus petition, raising as grounds for relief only claims (1) and (4) that were raised in the state court. Doc. 1.  As to claims (2) and (3), Petitioner states that such claims are "abandoned". Id.  In the initial response to the Petition, the Respondent conceded that the Petition was timely and that Petitioner had exhausted his claims in state court. See Doc. 8 at 6-9.

Petitioner subsequently sought to stay this case pending the exhaustion of further state remedies with regard to his claim (4) by filing a successive Rule 3.850 motion.  Doc. 19.   Petitioner also sought to amend the Petition following exhaustion.  Doc. 25.  The magistrate judge determined that the motion for a stay was moot because the state court proceedings had concluded.  Doc. 26.  The magistrate judge ordered the Respondent to respond to the Motion to Amend.  Id.  The magistrate judge subsequently granted the Motion to Amend to the extent that the Motion was construed as a supplement to the Petition.  Doc. 30.  Petitioner has also filed another pleading styled as an "Amended Petition."  Doc. 31.  Such amendment was filed without the leave of Court.  See Fed. R. Civ. P. 15(a)(2).  However, because the "Amended Petition" contains no new claims but only makes additional legal arguments concerning Petitioner's claim (4), in the interests of justice the Court will construe it as a supplemental brief and address the arguments therein accordingly.  See Doc. 31.[2]

**Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is limited.[3]  Specifically, a federal court must give deference to

---

[2] Petitioner's amended claim does not run afoul of the 28 U.S.C. § 2244 one-year statute of limitations because it is plainly tied to the to the common core of operative facts upon which his original claim (4) is based.  See Mayle v. Felix, 545 U.S. 644, 664 (2005).

[3] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "contrary to" and "unreasonable application" clauses provide separate bases for review.[4]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[5] The AEDPA directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **Petitioner's Right to Testify**

In his first claim for relief, Petitioner contends that his counsel rendered ineffective assistance for advising him not to testify and for not advising him that, regardless of counsel's advice, Petitioner still maintained an absolute right to testify on his own behalf. Doc. 1 at 8-9. Petitioner contends that his counsel erroneously advised him that the statements made by Petitioner during Petitioner's opening statement could constitute evidence for purposes of closing argument. Id. at 9b. In

---

[4] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[5] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) ("Unless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

rejecting this claim on postconviction review, the trial court concluded that Petitioner had neither demonstrated errors by counsel nor prejudice.  App. tab I.

"[A] criminal defendant has a fundamental constitutional right to testify on his behalf."  U.S. v. Teague, 953 F.2d 1525, 1535 (11th Cir. 1992).  That right is "personal to the defendant," and "cannot be waived by defense counsel[.]"  Id.  A claim that defense counsel misadvised a defendant regarding his right to testify is properly framed as an ineffective assistance of counsel claim.  Id.

In order to establish a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  Both prongs must be shown in order to succeed on an ineffective-assistance claim.  To prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors.  Id. at 694.  A reasonable probability is one sufficient to undermine confidence in the outcome of the trial; it is not sufficient to show merely that the error had some conceivable effect on the outcome of the proceeding.  Id. at 693-94.

In this case, Petitioner's assertion that he was not aware that he had the right to testify even though counsel advised him not to is squarely refuted by the record. The trial court inquired on the record as to whether Petitioner understood that he had the right to testify and was voluntarily waiving that right.  App. tab B, 242-43.

5

Petitioner responded in the affirmative, thereby suggesting that he agreed with his counsel's strategy that it was not in his best interest to testify. See id. In finding that Petitioner had established neither deficient performance nor prejudice on this claim, the state court also noted that had Petitioner testified he would have been subject to cross-examination on his prior felony convictions. Id. tab I.

     During closing argument, Petitioner's counsel attempted to refer to Petitioner's statement, made in his *pro se* opening argument, that Petitioner had sex with several women in the victim's home. App. tab B at 257-58. The trial court sustained an objection because Petitioner's opening argument could not be considered by the jury as evidence. Id. Petitioner argues that had counsel not erroneously advised him that Petitioner's *pro se* opening statement could be considered as evidence, Petitioner would have elected to testify. Specifically, Petitioner would have testified that he had sex with several women in the victim's home, and that is why Petitioner's DNA was on the comforter. Doc. 1 at 9b. He also would have testified that the victim and her mother slept on the comforter, thereby placing their DNA on the blanket as well. Id. Petitioner contends that he would have testified that he resided in the victim's home on the date for which he was convicted of burglary, and would have offered testimony providing an alibi for the dates upon which the batteries occurred. Id. at 9c.

     Petitioner's assertions are unpersuasive. First, the facts underlying Petitioner's proposed testimony plainly were known to Petitioner at the time of trial

yet he nevertheless voluntarily waived his right to testify after hearing all of the state's evidence against him.  Second, although Petitioner asserts that he did not testify because counsel told him that his *pro se* opening statement would be considered as evidence, a review of his opening statement reflects that the only point Petitioner made that falls within his proposed testimony was that he had sex with women in the victim's home.  See App. tab B, 27-29.  Thus, counsel's advice, even if erroneous, could not reasonably have been a factor in Petitioner's decision not to testify on the other points he says he would have made.

Moreover, Petitioner has not shown that his testimony regarding having sex with other women in the victim's home would have been sufficient to undermine confidence in the trial's outcome, given the victim's testimony and the expert's testimony that the victim's DNA and the Petitioner's sperm were found in the same stain.  Petitioner has failed to show that any errors by counsel in advising him regarding the effect of his *pro se* opening statement resulted in any prejudice to Petitioner within the meaning of Strickland.

Petitioner has failed to demonstrate that the trial court's rejection of this ineffective-assistance claim was an unreasonable application of, or was contrary to, Strickland, or that the state court's rejection of his claim was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas relief on this claim.

## **DNA Evidence**

Petitioner asserts that his counsel rendered ineffective assistance by failing to object to the DNA expert's testimony on the appropriate grounds. See Docs. 1, 31. Petitioner explains his claim as follows:

> The State's determination of the Petitioner's re-submitted claim, in which he alleged that his trial lawyer rendered ineffective assistance of counsel for erroneously failing to object to the State's expert witness bolstering the credibility of the victim with an opinion based on test results that are not reasonably relied upon by experts in the relevant scientific community to support the opinion expressed, when a proper objection would have rendered the state's expert witness opinion and inferences inadmissible, involved an objectively unreasonable application of [Strickland].

Doc. 31 at 1. This claim stems from Petitioner's assertion that the DNA expert's testimony that the victim's DNA was found on the comforter was unreliable because the DNA sample did not include all 13 loci that are considered to provide the "greatest power of discrimination" in DNA identification. See App. tab B at 198. Nevertheless, based on comparison of the victim's DNA with the nine loci that were present in the sample from the comforter, the expert testified with a "reasonable degree of scientific certainty" that the sample from the comforter came from the victim. Id. at 183-84. Petitioner concedes that Strickland provides the controlling authority for this claim. Id. at 4.

The trial court addressed this claim on the merits in Petitioner's second postconviction motion pursuant to Rule 3.850. See App. tab O. Citing Strickland,

the court rejected the claim for the following reasons:

> The Court finds that trial counsel's cross examination properly and effectively highlighted to the jury any possible deficiencies in [the expert's] testimony regarding the absence of all thirteen (13) matching loci. *See Jury Trial transcript 196-198.*. Additionally, the Court finds that trial counsel's acts or omissions were not "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." See *Strickland* at 687. Consequently, the Court finds that the Defendant fails to satisfy the first prong of the *Strickland* standard of review. When a Defendant fails to make a showing as to one prong, it is not necessary to delve into whether he has made a showing as to the other prong. See *Strickland* at 697.

Id. The state appellate court affirmed, citing State v. McBride, 848 So. 2d 287 (Fla. 2003) (law of the case doctrine bars defendant from relitigating claim previously rejected by courts). Supp. App., Doc. 28-2.

Respondent contends that the state appellate court's citation to McBride reflects that Petitioner's claim was procedurally barred because a similar claim had been rejected in Petitioner's first Rule 3.850 motion. Doc. 28. Respondent concedes that the trial court resolved the claim on the merits, and Respondent also opposes the claim on the merits. Id. It is unnecessary to determine whether Petitioner procedurally defaulted this claim or has established any cause and prejudice to cure the default, because it is clear that Petitioner is not entitled to relief on the merits of the claim.[6]

---

[6]"An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28

This court's authority to review state evidentiary rulings in a habeas corpus case is limited, and such rulings are usually entitled to deference. See, e.g., Thomas v. Jones, 891 F.2d 1500, 1504 (11th Cir. 1989) (citations omitted). In this case, the state court concluded that counsel did not perform deficiently with regard to the DNA evidence and testimony that the court admitted. See App. tab O. Petitioner argues that the evidence could have been excluded pursuant to Florida Evidence Code §§ 90.702, 90.704, and 90.705 had counsel objected. See Doc. 31 at 3. However, the trial court made an express finding that counsel had "properly and effectively highlighted to the jury any possible deficiencies in [the expert's] testimony," and Petitioner points to nothing in the record that suggests that his proposed objection would have been successful. The trial court's factual findings are entitled to a presumption of correctness, and Petitioner has adduced no clear and convincing evidence to rebut that presumption. See 28 U.S.C. § 2254(e)(1).

Petitioner has failed to demonstrate that the trial court's rejection of this ineffective-assistance claim was an unreasonable application of, or was contrary to, Strickland, or that the state court's rejection of his claim was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner therefore is not entitled to habeas relief on this claim.

---

U.S.C. § 2254(b)(2).

## Conclusion

For the foregoing reasons, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 2nd day of April 2008.

UNITED STATES DISTRICT JUDGE

c:   Roderick Washington
     Counsel of Record